IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCY TALBOTT,

        Plaintiff,                       Case No.

v.

PUBLIC SERVICE COMPANY OF NEW MEXICO,
PNM RESOURCES, INC., REBECCA TEAGUE,
Individually and in her Official Capacity and JOANNE
GARCIA, Individually and in her Official Capacity,

        Defendants.

**COMPLAINT FOR DISCRIMINATION, RETALIATION,
VIOLATION OF THE EQUAL PAY ACT, VIOLATION OF THE NEW MEXICO FAIR
PAY FOR WOMEN ACT, BREACH OF IMPLIED CONTRACT AND DAMAGES**

Plaintiff, Lucy Talbott, by and through her attorney of record, the Law Offices of Erika E. Anderson (Erika E. Anderson), hereby submits the Complaint for Discrimination, Retaliation, Violation of the Equal Pay Act (hereafter "EPA"), Violation of the New Mexico Fair Pay for Women Act (hereafter "FPWA"), Breach of Implied Contract and Damages. As grounds for the Complaint, Mrs. Talbott states as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this action.

2. The Court has personal jurisdiction over the Plaintiff and Defendants.

3. Venue is proper in this Court.

4. Mrs. Talbott has exhausted her administrative remedies.

5. Mrs. Talbott has filed her Complaint for Discrimination, Retaliation, Violation of the Equal Pay Act and for Damages within ninety (90) days of the U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights, which was dated August 27, 2018.

**PARTIES**

6. Mrs. Talbott is a resident of Albuquerque, New Mexico and was an employee of the Public Service Company of New Mexico (hereafter "PNM').

7. Defendant Rebecca Teague (hereafter Defendant Teague), the Vice President of External Affairs at PNM, is sued in her individual and official capacity. Defendant Teague was Mrs. Talbott's supervisor, at all relevant times, employed by PNM, and was acting within the scope of her employment and duties.

8. Defendant JoAnne Garcia is sued in her individual capacity. Defendant Garcia was, at all relevant times, employed by PNM, and acting within the scope of her employment and duties.

9. PNM is a corporation located in Albuquerque, New Mexico that is wholly owned by PNM Resources.

**FACTUAL BACKGROUND**

10. Mrs. Talbott was hired as an employee of PNM in September of 1993.

11. Mrs. Talbott was promoted to a managerial position in 2009.

12. As a manager, Mrs. Talbott oversaw five (5) of the eight (8) departments in Customer Service.

13. For five (5) of these years, Mrs. Talbott managed these departments with the assistance of only one (1) supervisor, which was not the case for other Customer Service Departments, which had numerous supervisors assigned to each manager.

14. Mrs. Talbott requested a review of her pay grade of G06, specifically compared to three (3) male employees with the same job duties, in 2012. At this time, Mrs. Talbott was informed that a pay raise was not warranted.

15. In early 2015, Defendant Teague was assigned as a Customer Service Director and became Mrs. Talbott's supervisor.

16. When Defendant Teague became Mrs. Talbott's supervisor, they had an introductory meeting where Mrs. Talbott expressed her concerns of having too many direct reports, which did not allow her to concentrate on her managerial duties, which included managing millions of dollars daily and ensuring accurate and timely monthly statements to PNM's five hundred thousand plus (500,000 +) customer base.

17. Mrs. Talbott also communicated to Defendant Teague that although her responsibilities were equal to or greater than her three (3) male peers, her position was two (2) grades lower than theirs and her pay was nearly forty-five percent (45 %) less, even though she had the most seniority and experience in Customer Service.

18. Shortly after this meeting, Defendant Teague assigned Anne Haskins, an employee from another area, as the Supervisor over the other three (3) departments in Mrs. Talbott's area, which included the Payment Center.

19. Ms. Haskins, however, had no experience in this area and made it very clear to Mrs. Talbott that she was not happy about this reassignment.

20. After this initial meeting, Defendant Teague also agreed to investigate Mrs. Talbott's pay grade and salary.

21. In September of 2015, Mrs. Talbott's pay grade classification was changed to G04, reportedly to match the pay grade classification of her male peers with the same job duties. Mrs. Talbott, however, was still paid twenty-five percent (25%) less than her male peers who had less experience and less time employed by PNM.

22. Mrs. Talbott was informed that equalizing her pay to her male peers could not be justified.

23. On December 5, 2015, Jim Marentas was hired as the new project manager in Ms. Talbott's area.

24. In late April of 2016, Mrs. Haskins informed Ms. Talbott that Mr. Marentas could not reconcile approximately seven thousand dollars ($7,000.00) of cash received by PNM in February.

25. Mrs. Talbott contacted Mr. Marentas who confirmed that approximately seven thousand dollars ($7,000.00) in cash payments were processed on two (2) different days in February of 2016, however, he could not locate any record confirming that the cash was deposited into PNM's bank account.

26. Mrs. Talbott immediately contact Defendant Teague and informed her about the discrepancy.

27. Defendant Teague and Ms. Talbott agreed that Mr. Marentas should perform a daily balancing of cash received to better understand how cash is accounted for at PNM.

28. Ms. Talbott worked with Mr. Marentas in implementing this plan.

29. On May 4, 2016, Mrs. Talbott received an email from Defendant JoAnn Garcia (hereafter "Defendant Garcia"), PNM's Human Resources Consultant, requesting a meeting with her on May 6, 2016.

30. During this May 6, 2016 meeting, which was attended by Defendant Garcia and Chris Sanchez who worked in Audit Services, Mrs. Talbot was accused of "sweeping [the alleged missing money] under the rug" and told that they were going to launch a full investigation and Mrs. Talbott was expected to cooperate, which she did.

31. On May 9, 2016, Mrs. Talbott was approached by Eric Morgan, the manager of meter reading. Mr. Morgan reported to Mrs. Talbott that he had recently had a meeting with Defendant Garcia whereby she spent most the time gossiping to him about the issue of the money discrepancy and then proceeded to tell Mr. Morgan that Defendant Teague does not trust Mrs. Talbot and that she thinks Mrs. Talbott probably had something to do with the alleged missing money.

32. In early June of 2016, Ms. Talbott was approached by one of the cashiers from the PNM Payment Center, Dominique Trujillo.

33. Mrs. Trujillo was very upset and informed Mrs. Talbott that she had been interviewed by Defendant Garcia and Mr. Sanchez and that she felt harassed and intimidated by their line of questioning.

34. Mrs. Trujillo further disclosed that Defendant Garcia and Mr. Sanchez had asked her about her personal financial situation, and when Mrs. Trujillo responded that she did not have any financial issues, Defendant Garcia told Mrs. Trujillo that she was not being honest and that someone had reported that she had various financial issues.

35. Defendant Garcia then informed Mrs. Trujillo that they had researched her credit history and personal records and discovered that she was having financial issues.

36. Mrs. Trujillo stated that many of these statements were untrue and Defendant Garcia responded by telling her "you are going to lose your job."

37. Mrs. Talbott then met with Defendant Teague and expressed her concerns regarding how Defendant Garcia was handling the investigation.

38. On June 8, 2016, Ms. Talbott filed a formal complaint against Defendant Garcia for her actions towards Mr. Morgan, one of Ms. Talbott's direct report employees.

5

39. On June 8, 2016, Mrs. Talbott met with Anna Ortiz, the Director of Human Resources and Defendant Garcia's immediate supervisor.

40. During this meeting, Mrs. Talbott shared the information Mr. Morgan had discussed with her and how Mrs. Talbott felt that this was a violation of confidentiality whether Defendant Teague made the statement or not, and that this information should not be shared with a peer.

41. Mrs. Ortiz said that she would research the complaint and get back to her on June 10, 2016, which did not happen.

42. In early June, Mr. Morgan was promoted to executive manager and assigned as Mrs. Talbott's supervisor.

43. On June 16, 2016, Mr. Marentas asked to speak to Mrs. Talbot in private.  During this meeting, Mr. Marentas informed Mrs. Talbott that he had been asked to assist Human Resources and Audit Services in investigating the allegations of the missing money and he felt uncomfortable about how the investigation was being conducted.

44. Specifically, Mr. Marentas said that he pleaded with Defendant Garcia and Mr. Sanchez to not make accusations towards Mrs. Trujillo because they could not confirm that the money was indeed missing and he was having difficulty reconciling the accounting records.

45. On June 27, 2016, Mrs. Ortiz finally interviewed Mr. Morgan regarding Mrs. Talbott's complaint.   At this point, Mr. Morgan was Mrs. Talbott's supervisor.

46. On June 29, 2016, Mrs. Talbott had a meeting with Defendant Teague to discuss pending business projects.   At this meeting, Mrs. Talbott expressed her concerns of the handling of the investigation and shared the recent conversation she had with Mr. Marentas.

47. On June 30, 2016, Ms. Talbott was placed on paid administrative leave by Defendant Teague and Mrs. Ortiz.

48. During administrative leave, Mrs. Talbott was contacted by Defendant Garcia who wanted to know who she had talked to regarding the investigation. In addition, Mrs. Ortiz informed Mrs. Talbott that she did not find any wrongdoing on behalf of Defendant Garcia.

49. After seven (7) weeks on administrative leave, Mrs. Talbott was contacted by Defendant Garcia and ordered to attend a meeting on August 17, 2016.

50. On August 17, 2016, Ms. Talbott attended the meeting and was informed by Defendant Teague and Defendant Garcia that she had to provide a written statement outlining performance improvement. Mrs. Talbott complied with the request, however, the corrective action plan was rejected by Defendant Teague and Defendant Garcia.

51. On August 22, 2016, Mrs. Talbott attended a second meeting to deliver an edited written statement outlining performance improvement. The new plan was once again rejected by Defendant Teague and Defendant Garcia.

52. On August 24, 2016, Ms. Talbott was informed by Defendant Teague that her action plan was not acceptable and her resignation/termination was effective immediately.

**COUNT I**
**DISCRIMINATION IN VIOLAITON OF THE CIVIL RIGHTS ACT OF 1964 AND THE NEW MEXICO HUMAN RIGHTS DIVISION**
**(PNM, Defendant Teague and Defendant Garcia)**

53. Mrs. Talbott incorporates the preceding paragraphs by reference herein.

54. Mrs. Talbott is a woman who was treated differently than her male counterparts by Defendants.

55. Specifically, Mrs. Talbott was paid significantly less than the men working at PNM, even though she was doing the same work and had more experience.

56. Mrs. Talbott was discriminated against by Defendants based upon her gender, which created a hostile working environment.

57. Defendants knew or should have known of such discrimination failed to prevent or stop it.

58. As a result, Mrs. Talbott suffered damages in an amount to be proven at trial.

## COUNT II
## RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 AND THE NEW MEXICO HUMAN RIGHTS DIVISION
### (PNM, Defendant Teague and Defendant Garcia)

59. Mrs. Talbott incorporates the preceding paragraphs by reference herein.

60. Mrs. Talbot submitted a complaint against Defendant Garcia.

61. After making this complaint, Mrs. Talbot was placed on administrative leave and eventually terminated.

62. Mrs. Talbott engaged in protected conduct under the law and policies of PNM and Defendants unlawfully retaliated against her for engaging in such protected conduct.

63. Defendants adversely affected Mrs. Talbott's status as an employee by retaliating against her.

64. The unlawful employment practices of Defendants were intentional and proximately caused Mrs. Talbott damages in an amount to be established at trial.

## COUNT III
## VIOLATION OF THE EQUAL PAY ACT
### (PNM and Defendant Teague)

65. Mrs. Talbott incorporates the preceding paragraphs by reference herein.

66. Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate…between employees on the basis of sex by paying wages to

8

employees…at a rate less than the rate at which he pays to employees of the opposite sex…for equal work on jobs the performance of which requires equal, skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantify or quality of production; or (iv) a differential based on any other factor other than sex."

67. Mrs. Talbott and similarly situated male employees performed their jobs under similar working conditions.

68. Mrs. Talbot was paid a lower wage than male employees doing substantially equal work.

69. The differential in pay between Mrs. Talbott and the male employees was not due to a bona fide seniority system or merit system, nor was the difference in pay a result of a factor other than sex.

70. Defendants caused, contributed to, or caused the continuation of wage rate discrimination based upon sex, in violation of the Equal Pay Act.

71. As a direct, legal and proximate result, Mrs. Talbott has sustained damages in an amount to be proved at trial.

### COUNT IV
### VIOLATION OF THE NEW MEXICO FAIR PAY FOR WOMEN ACT
### (PNM and Defendant Teague)

72. Mrs. Talbott incorporates the preceding paragraphs by reference herein.

73. PNM paid different wage rates to men and women who worked in the same establishment, under similar working conditions, and were performing work on jobs requiring equal skill, effort and responsibility.

9

74. Mrs. Talbott was paid less than her male counterparts and the wage differential was not based upon a seniority or merit system, or a system that measured earnings based upon the quality or quantity of production.

75. As a result, Mrs. Talbott has suffered damages allowed pursuant to FPWA in an amount to be determined at trial.

## COUNT V
## BREACH OF IMPLIED CONTRACT
### (PNM, Defendant Teague and Defendant Garcia

76. Mrs. Talbott incorporates the preceding paragraphs by reference herein.

77. PNM has policies and procedures in place to protect its employees from retaliation in the workplace.

78. Defendants had a duty to honor PNM's policies and maintain a workplace free of discrimination and retaliation.

79. Defendants breached this duty by failing to follow PNM's corrective action plan policies and tolerating an atmosphere of discrimination and retaliation, which resulted in Mrs. Talbott's wrongful termination.

80. As a proximate cause of Defendants' breach, Mrs. Talbott has suffered damages in an amount to be proven at trial.

### RELIEF REQUESTED

Wherefore, Mrs. Talbott respectfully requests judgment in favor of the Plaintiff and against Defendants and for such other and further relief as requested below:

A. Actual and compensatory damages in an amount to be proven at trial, including lost wages, lost annual bonuses and any entitled retroactive payments for wages;

B. Emotional distress damages;

C. Punitive damages;

D. Monetary relief available for equal pay violations, including liquidated damages for all willful violations;

E. Treble damages;

F. Injunctive relief or a nonmonetary award intended to correct and change the culture and behavior within PNM;

G. Attorney fees and the costs as permitted by law;

H. Pre- and post-judgment interest at the lawful rate against all Defendants; and

I. Any further relief as the Court may find just and proper and such other relief as allowed by law.

Respectfully submitted,

THE LAW OFFICES OF ERIKA E. ANDERSON

By /s/ *Erika E. Anderson*
Erika E. Anderson
Law Offices of Erika E. Anderson
2025 Rio Grande Blvd. N.W.
Albuquerque, NM   87104
Ph: (505) 944-9039 / Fax: (505) 243-3534
erika@eandersonlaw.com

*Attorney for Plaintiff*